# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ERVINYONE MILLER,**                                         CIVIL ACTION
    **Plaintiff**

**VERSUS**                                                   NO.  22-4412

**PETER HERNANDEZ,**                                         SECTION: "E" (4)
    **Defendant**

## ORDER AND REASONS

On February 21, 2023, Defendant Peter Hernandez filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6).[1] On February 27, 2023, Plaintiff Ervinyone Miller filed a request for a three to seven month extension.[2] Defendant opposed this request.[3] The Court granted in part and denied in part Plaintiff's request.[4] The Court granted Plaintiff an extension of time to file an opposition to Defendant's motion to dismiss but denied Plaintiffs request for a three to seven month extension.[5] Despite the extension, Plaintiff failed to file an opposition to Defendant's motion to dismiss.

## BACKGROUND

Plaintiff identifies the following claims in her complaint: (1) theft under 10 U.S. Code § 921; (2) fraud under 18 U.S. Code § 31; (3) trespassing under Louisiana Revised Statute § 14:63; (4) assault under Louisiana Revised Statute § 29:228; (5) harassment under Title VII; and (6) a negligence claim under Louisiana Civil Code article 2316.[6]

The only facts alleged by Plaintiff are as follows. As to Plaintiff's theft and fraud claims, Plaintiff alleges Defendant stole the songs "Leave the Door Open," "That's What I

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 16.
[4] R. Doc. 17.
[5] *Id.*
[6] R. Doc. 1 at p. 5.

Like," and "777" from Plaintiff.[7] Plaintiff alleges she has the lyrics to these songs written down in two separate notebooks and a tablet as proof that Defendant stole the songs from her.[8] Plaintiff alleges Defendant did so for personal gain.[9] As to the trespassing claim, Plaintiff alleges Defendant trespassed onto her property on multiple occasions, waiting until after she wrote the allegedly stolen songs.[10] As to the assault claim, Plaintiff alleges Defendant tried to break her arm.[11] As to the Title VII claim, Plaintiff alleges Defendant got customers to humiliate and violate her at work.[12] Plaintiff states "[w]hile on the job or everyday life [Defendant] got customer to humiliate me and violate me. Disrespect saps employee morale and is typically the first step toward harassment and possibly even workplace violence."[13] Lastly, as to Plaintiff's negligence claim under Louisiana Civil Code article 2316, Plaintiff simply alleges Defendant "was negligent while messing with [her]."[14]

On February 21, 2023, Defendant filed the instant motion to dismiss.[15]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process is not completed in the proper manner. Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4.[16] "In the absence of valid service of process, proceedings against a party are void."[17] When a defendant objects to the legal sufficiency of the service of process, the plaintiff has the burden to

---

[7] R. Doc. 1 at p. 5.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] R. Doc. 14.
[16] Fed. R. Civ. P. 4.
[17] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

demonstrate by a preponderance of the evidence the validity of service.[18] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[19]

## LAW AND ANALYSIS

Defendant argues (1) Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); and (2) Plaintiff failed to properly serve Defendant as required by Federal Rule of Civil Procedure 12(b)(5).[20]

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal based on insufficient service of process.[21] Federal Rule of Civil Procedure 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[22]

When a defendant objects to the legal sufficiency of the service of process, the plaintiff has the burden to demonstrate by a preponderance of the evidence the validity of service.[23] Accordingly, Plaintiff carries the burden of demonstrating she effected service either (1) in one of the three ways provided for in Rule 4(e)(2), or (2) in a way consistent

---

[18] *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).
[19] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).
[20] R. Doc. 14.
[21] FED. R. CIV. P. 12(b)(5).
[22] FED. R. CIV. P. 4(e).
[23] *Carimi*, 959 F.2d at 1346.

with the state law of the state where the district court is located or where service was made, pursuant to Rule 4(e)(1).

Plaintiff did not effectuate service in any of the ways provided for by Rule 4(e)(2). According to Rule 4(e)(2), Plaintiff could have served by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[24] Instead, Plaintiff mailed a summons to Defendant's business manager, NKSFB, LLC, a California business located at 10960 Wilshire Blvd, H5, Los Angeles, CA 90024.[25] Plaintiff did not deliver a copy of the summons and the complaint to Defendant personally, nor did Plaintiff leave a copy of each at Defendant's dwelling or usual place of abode.[26] Likewise, NKSFB, LLC is not an agent authorized to receive service of process on Defendant's behalf.[27] Accordingly, Plaintiff failed to properly execute service under Rule 4(e)(2).

Pursuant to Rule 4(e)(1), the Court must also look to permissible methods of service in the state where the district court is located and the state where service was made. In the instant case, this Court is located in Louisiana, and service was allegedly made in California.[28] Turning first to Louisiana, the Court finds Plaintiff did not effectuate service in a manner consistent with Louisiana law. "Louisiana's statutory (and only)

---

[24] Fed. R. Civ. P. 4(e).

[25] R. Doc. 6; R. Doc. 14-1 at p. 12.

[26] Id. "The Fifth Circuit has noted that 'no hard and fast rule can be fashioned to determine what is or what is not a party's "dwelling house or usual place of abode."'" Windecker v. Hang Wei, No. 1:18-CV-00898-LY, 2020 WL 248689, at *4 (W.D. Tex. Jan. 16, 2020). However, courts have held, and common sense instructs, that a business address is not a dwelling or usual place of abode. See Pate v. Time Clark Construction, LLC, No. 19-2356-WBV-DPC, 2020 WL 5637351, at *5 (E.D. La. Sept. 21, 2020) (holding service was improper where the service address was a business address, not the defendant's dwelling or usual place of abode).

[27] R. Doc. 14-1 at p. 13.

[28] Id. at p. 12.

means of effective service of process on [a] non-resident . . . is by compliance with the so called long arm statute, R.S. 13:3201-3207."[29] Pursuant to Louisiana Revised Statute 13:3204, in order to properly serve a nonresident defendant, "a certified copy of the citation . . . shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier."[30] A plaintiff cannot effectuate valid service under the long arm statute by mailing the citation to a person who is not the defendant's agent for service of process.[31] Plaintiff did not deliver the citation to Defendant, either by mail or by courier, and delivering service via mail to Defendant's business manager is insufficient. Accordingly, Plaintiff failed to effectuate service in a way consistent with Louisiana law.

Plaintiff also failed to serve Defendant in a manner consistent with California law. California Code of Civil Procedure § 416.90 provides that "[a] summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such persons or to a person authorized by him to receive service of process."[32] However, "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served , . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box."[33] Plaintiff did not personally execute service on Defendant. Moreover, even if Plaintiff had demonstrated reasonable diligence in her

---

[29] *Clay v. Clay*, 389 So. 2d 31, 37 (La. 1979).
[30] La. R.S. 13:3204 (2023).
[31] *Barnett Marine, Inc. v. Van Den Adel*, 694 So. 2d 453, 457 (La. Ct. App. 1 Cir. 1997).
[32] CA. CODE OF CIV. PRO. § 416.90.
[33] CA. CODE OF CIV. PRO. § 415.20.

attempts to serve Defendant, which she has not,[34] Plaintiff did not serve Defendant at his dwelling, place of usual abode, usual place of business, or usual mailing address.

Under federal law, and the laws of both Louisiana and California, Plaintiff's chosen method of service is insufficient. Accordingly, Plaintiff has failed to carry her burden of demonstrating she properly executed service of process on Defendant, pursuant to Federal Rule of Civil Procedure 4(e).[35]

## **CONCLUSION**

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.[36] Plaintiff's claims against Defendant are hereby dismissed without prejudice.

**New Orleans, Louisiana, this 13th day of April, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] *West Coast Corvettes, Inc. v. MV Marketing, Inc.*, No. SACV 12-0269 DOC(RNBx), 2012 WL 1401433, at *5 (C.D. Cal. Apr. 23, 2012) ("Two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'"); *see also id.* (finding the plaintiff demonstrated reasonable diligence in attempting to serve the defednat five times at his usual place of business and wife's current address); *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) (holding that the reasonable diligence requirement was met when the process server made three attempt to serve the defendant at the defendant's current address).
[35] Having found service is improper, the Court refrains from considering Defendant's 12(b)(6) arguments.
[36] R. Doc. 14.